IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-16-2823 |
| | § | |
| FLUOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court is Defendant Fluor Corporation's ("Fluor") Motion to Dismiss (Doc. 12). The court has considered the motion, Plaintiff's response, relevant filings, and the applicable law. It is recommended that the motion be **GRANTED IN PART and DENIED IN PART** for the reasons stated below.

## I. Case Background

On September 7, 2016, Plaintiff Francisco Gonzalez ("Gonzalez") filed the present discrimination complaint, along with an application to proceed in forma pauperis.[1] On September 15, 2016, the court approved his in forma pauperis status and the present action was filed.[2]

In his complaint, Gonzalez sued his former employer, Fluor, under Title VII of the Civil Rights Act of 1964,[3] the Age

---

[1]    See Doc. 1, Appl. to Proceed Without Prepaying Fees or Costs, Misc. Action No. 4:16cv2105.

[2]    See Doc. 2, Ord. on Application to Proceed Without Prepaying Fees or Costs. Misc. Action No. 4:16cv2105.

[3]    42 U.S.C. § 2000e et seq.

Discrimination in Employment Act ("ADEA")[4] and the Americans with Disabilities Act ("ADA")[5] based on a failure to accommodate his disability and termination.[6]  Gonzalez alleged that the discriminatory acts took place between March 12-24, 2015, that he filed a complaint of discrimination with the Equal Employment Opportunity Commission on July 6, 2015, and that he received his right-to-sue letter on July 30, 2016.[7]

After Gonzalez failed to serve Fluor, the court ordered the U.S. Marshal to complete service of process.[8]  Fluor was served on March 15, 2017, and timely filed the pending motion to dismiss on April 5, 2017.[9]

In the motion, Fluor alleged that Gonzalez failed to exhaust his administrative remedies with respect to his claims of national origin and age discrimination, as he only described a failure to accommodate and termination based on his disability in the Charge of Discrimination.[10]  Attached to the motion to dismiss was the original Charge of Discrimination which reflected that Gonzalez only checked the "disability" box and complained that he was terminated on March 12, 2015, after he requested a reasonable

---

[4]     29 U.S.C. § 621 et seq.

[5]     42 U.S.C. § 12101 et seq.

[6]     See Doc. 1, Compl. for Employment Discrimination pp. 3-4.

[7]     Id. pp. 4-5.

[8]     See Doc. 10, Min. Entry Ord. Dated Mar. 6, 2017.

[9]     See Doc. 12, Fluor's Mot. to Dismiss.

[10]    Id. p. 5.

accommodation for his "disability/illness."[11]  According to

Gonzalez, he was fired after his supervisor told him that, if he

could not talk to Gonzalez during work hours, Gonzalez was a safety

liability.[12]

In an amendment to the Charge of Discrimination, Gonzalez

stated:

> During my first few days on the job with Fluor, I brought
> to the attention of Richard Aycock several concerns that
> I had regarding workplace safety and sharp pains in my
> left foot due to my heel spurs, making it nearly
> impossible for me to work.  I also sought to complain
> about another welder in my work area not doing proper
> procedures.  My concerns were related to workplace
> safety, discrimination and disability issues.[13]

Gonzalez further complained that Aycock berated him for expressing

his safety concerns and a Human Resources manager instructed

Gonzalez to see a doctor rather than offering an accommodation for

the disability.[14]  Gonzalez stated that Aycock told Gonzalez that

he was terminated because Gonzalez argued too much.[15]  In this

amended charge, Plaintiff again only checked the "disability" box.[16]

On July 18, 2016, the EEOC closed Gonzalez's charge and gave

---

[11]    See Doc. 12-1, Ex. A to Fluor's Mot. to Dismiss, Charge of
Discrimination p. 1.

[12]    Id.

[13]    See Doc. 12-2, Ex. B to Fluor's Mot. to Dismiss, Amended Charge of
Discrimination pp. 1-2.

[14]    Id. p. 2.

[15]    Id.

[16]    Id. p. 1.

him notice of his right to sue.[17]

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 546 (5th Cir. 2010).

When reviewing a Rule 12(b)(6) motion, the court must be mindful that a complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, 556 U.S. at 678.  Rule 8(a)(2) requires only "a short and plain statement of the claim showing

---

[17]    <u>See</u> Doc. 12-3, Ex. C to Fluor's Mot. to Dismiss, Not. of Right To Sue.

that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.

### III.  Analysis

Fluor moves to dismiss Gonzalez's allegations brought under Title VII and the ADEA on the grounds that he failed to exhaust his administration remedies on these claims.  A plaintiff alleging employment discrimination must exhaust administrative remedies before pursuing his claim in federal court.  Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002).  Under Title VII of the Civil Rights Act of 1964, a plaintiff has ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC.  Id. at 379 (citing Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982)).  "Although filing an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court."  Id.

"The primary purpose of an EEOC charge is to provide notice of the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC."  Ajaz v. Continental Airlines, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citations omitted).  "The charge triggers an investigation by the EEOC so, through a conciliation process, voluntary compliance may be obtained and discriminatory policies and practices eliminated."  Id.  In making the determination whether a charge exhausted a claim brought in court, the Fifth Circuit has counseled that courts must

construe an EEOC charge broadly, "but [ ] will only find a claim
was exhausted if it could have been 'reasonably . . . expected to
grow out of the charge of discrimination.'" Jefferson v. Christus
St. Joseph Hosp., 374 F. App'x 485, 489-90 (5th Cir. 2010)(quoting
McClain v. Lufkin Indus., 519 F.3d 264, 273 (5th Cir. 2008)).

In the present case, Gonzalez filed two EEOC charges, both
alleging disability discrimination that took place between March
12-24, 2015. Gonzalez made no allegation in his EEOC charges that
either the failure to accommodate or the termination was based on
his age or national origin. In fact, most of Gonzalez's charge
centered on his supervisor's objections to Gonzalez's safety
complaints and concluded that his supervisor fired him because he
asked for an accommodation for his foot pain. The court concludes
that Gonzalez has failed to exhaust his administrative remedies
with respect to his age and national origin claims.

Fluor also argues that Gonzalez's disability claim must be
dismissed because he failed to allege sufficient facts to support
the nature and the extent of his disability. Additionally Fluor
complains that Gonzalez never informed it of the reasonable
accommodation he was seeking. While the court agrees that
Gonzalez's factual allegations are thin, he alleges a failure to
accommodate, which, when coupled with the factual allegations in
the administrative charges of discrimination, inform Defendant that
Gonzalez had heel pain, sought an accommodation, and was terminated
because of his disability. This is adequate at this stage to

proceed with discovery.   A scheduling order will be entered separately.

## IV.  Conclusion

It is therefore **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED IN PART and DENIED IN PART**.  Gonzalez's age and national origin claims should be dismissed for failure to exhaust administrative remedies; his disability claims for failure to accommodate and termination remain pending.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of November, 2017.

 

 

U.S. MAGISTRATE JUDGE